ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MANUEL R. PRATS VEGA**<br><br>Apelado<br><br>v.<br><br>**BRANDA CRUZ DÍAZ**<br><br>Apelante | KLAN202300989 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2021CV01717**<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece ante nos la señora Branda Cruz Díaz (señora Cruz Díaz o apelante) por derecho propio, y solicita la revisión de la *Sentencia* emitida el 29 de agosto de 2023, notificada el 30 de agosto de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante la misma, el TPI declaró Ha Lugar la *Moción Solicitando Sentencia Sumaria* presentada por el señor Manuel R. Prats Vega (señor Prats Vega o apelado) y determinó las cuantías que adeudaba éste a la señora Cruz Díaz conforme a una estipulación (la Estipulación) presentada en el Tribunal Federal de Quiebras para el Distrito de Puerto Rico en el caso Núm. 09-08785 (Tribunal de Quiebras).

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

## II.

Según surge del expediente, el señor Prats Vega y la señora Cruz Díaz producto de una relación consensual, procrearon dos hijos. Luego de terminada la relación, el 19 de octubre de 2007, la señora Cruz Díaz presentó una demanda para solicitar el pago de alimentos a favor de

Número Identificador
SEN2024 _____

los menores, y una demanda sobre la liquidación de comunidad de bienes.

El 16 de octubre de 2009, el señor Prats Vega radicó una petición de reorganización financiera conforme al Capítulo 11 del Código de Quiebras, 11 USC sec. 101, en el Tribunal Federal de Quiebras, caso Núm. 09-08785. Luego de varios trámites, el 14 de enero de 2011, ambos presentaron una Estipulación en el Tribunal Federal. En la Estipulación, se resolvían asuntos y controversias que se encontraban pendientes entre las partes, incluyendo las relativas a pensión alimentaria de sus hijos y a la división de la comunidad de bienes. La Estipulación formaba parte del *Plan de Reorganización* del señor Prats Vega, el cual fue confirmado por el Tribunal de Quiebras el 6 de abril de 2011. Dicho documento establece, entre otras cosas, que:

> [...]
>
> *2*. **Mr. Prats will transfer 50% of the net proceeds of the Keogh plan to Ms. Cruz upon approval of this Stipulation**. The balance of the Keogh plan must be confirmed by the bank ("trustee") prior to the payment to Ms. Cruz.
>
> [...]
>
> 7. **In the event Mr. Prats receives any reimbursement or proceeds arising from the cancellation of the option or purchase of contracts for any realty in Panamá, 50% thereof will be delivered to Ms. Cruz. If Mr. Prats buys, sells or by any means transfers said option for the real estate property located in Panamá, Mr. Prats will pay 50% of its proceeds to Ms. Cruz**. Mr. Prats shall provide Ms. Cruz with any and all evidence of the transfer if any said option, as well as evidence of its actual status, which shall be provided no later than 30 days from the approval of this stipulation.
>
> 8. **Mr. Prats has agreed to pay $500,000.00 to settle Ms. Cruz's claim for her 50% participation in MP Radiology. Mr. Prats agrees to purchase a residential property in the name of Ms. Cruz with a purchase price of no less than $500,000.00, as set off for said participation.** Ms. Cruz will select the property of her liking within the $500,000.00 price range and said purchase shall be fulfilled **within one (1) year from the effective date of the Plan of Reorganization**. Meanwhile, should Ms. Cruz leave the residential property located at Urb. Palmas Reales, Calle Viajera #82, **Mr. Prats will pay Ms. Cruz a monthly stipend of $3,000.00, to be used by her for rent payment, until the purchase agreement of the $500,000.00 residence is executed.** Mr. Prats shall

> be fully responsible for the payment of the $500,000.00 for the property and will guaranty said amount personally, or with any property of Mr. Prats, until setoff of any mortgage or loan to that effect. Failure to purchase this property or to fully satisfy any balance owed to the loan or banking institution will result in a breach of this agreement and generate a claim in favor of Ms. Cruz for the $500,000.00 amount.

(Énfasis nuestro).

Luego de varios trámites procesales, el 12 de octubre de 2011, el Tribunal de Quiebras emitió un *Decreto Final* en el que cerró el caso Núm. 09-08785 y declaró final y firme la Estipulación.

Años después, el señor Prats Vega, al enfrentar dificultades económicas, presentó una nueva petición de reorganización financiera ante el Tribunal de Quiebras, bajo el caso Núm. 18-00295 BKT. En este caso, la señora Cruz Díaz presentó la reclamación #7 en la cual solicitó el pago de $995,600.00 de los cuales $845,600.00 consistían en una alegada deuda de pensión alimentaria y otras partidas relacionadas a la división de la comunidad de bienes contenidas en la Estipulación. El 20 de febrero de 2019, el señor Prats Vega se opuso a la reclamación #7. Mediante su comparecencia, solicitó que el asunto relacionado a la reclamación de la señora Cruz Díaz se dilucidara posterior a la resolución del Tribunal Estatal.

De conformidad con lo anterior, el Tribunal de Quiebras emitió una *Orden* en la cual confirmó el *Plan de Reorganización* del señor Prats Vega. Sin embargo, dejó pendiente la adjudicación de la reclamación #7 presentada por la señora Cruz Díaz, sujeto a lo que dispusiera el Tribunal Estatal sobre las cuantías reclamadas.[1]

Posteriormente, el 4 de mayo de 2021, el señor Prats Vega presentó una *Demanda*, en la cual solicitó al TPI dictara una sentencia declaratoria adjudicando la cuantía de ciertas sumas adeudadas a la

---

[1] En el Tribunal Estatal había tres casos activos: (1) D AC2007-4426 sobre Liquidación de Comunidad de Bienes, el cual fue paralizado al presentarse la petición de reorganización financiera por el señor Prats Vega, (2) D AL2008-2182 sobre alimentos, el cual fue consolidado con el caso D CU2016-0118 sobre custodia en la Sala de Familia y Menores del Tribunal Superior de Bayamón.

señora Cruz Díaz en virtud de la Estipulación suscrita entre estos el 14 de enero de 2011 ante el Tribunal de Quiebras.[2]

En respuesta, el 22 de noviembre de 2021, la señora Cruz Díaz presentó su *Contestación a Demanda Enmendada,* en la cual solicitó al foro primario que dictara sentencia a su favor y declarara no ha lugar la *Demanda* presentada por el señor Prats Vega. Además, alegó que el foro primario carecía de jurisdicción para atender la solicitud de sentencia declaratoria, al haber un caso ventilándose en la Sala de Menores y Relaciones de Familia de la Región Judicial de Bayamón, en el cual se dirimían las reclamaciones monetarias entre las partes.

El 31 de mayo de 2022, notificada el 1 de junio de 2022, el TPI emitió una *Orden* a los efectos de aclarar que tenía jurisdicción y competencia para dilucidar las controversias relativas a las cuantías que el señor Prats Vega adeudaba a la señora Cruz Díaz, las cuales fueron reclamadas en la *Demanda Enmendada.*

Luego de varios trámites procesales, el 17 de abril de 2023, el señor Prats Vega presentó una *Moción de Sentencia Sumaria.*[3] Mediante su comparecencia, alegó que la Estipulación suscrita entre las partes el 14 de enero de 2011 ante el Tribunal de Quiebras fue firmada personalmente por ambas partes, luego fue presentada el, ante dicho foro mediante una moción conjunta, la cual aprobada el 11 de febrero de 2011; que la Estipulación resolvía todas las controversias

---

[2] La demanda fue enmendada el 23 de junio de 2021.

[3] Anejó a la *Solicitud de Sentencia Sumaria* los siguientes *Exhibits*: (1) Sentencia en el caso civil número DAC2007-4426 sobre liquidación de comunidad de bienes; (2) "Notice of Bankrupcy Case #09-08785-11"; (3) "Joint Motion Submitting Stipulation" con sus anejos; (4) "Order Approving Settlement/Stipulation" según emitifa por el Tribunal de Quiebras; (5) "Amended Plan of Reorganization Chapter 11"; (6) "Order Confirming Amended Chapter 11 Plan"; (7) "Final Decree" emitido por el Tribunal de Quiebra; (8) "Notice of Bankrupcy Case #18-00295-11"; (9) "Claims Register"; (10) "Proof of Claim #7-4"; (11) "Objection to Third Amended Claim 7-3 Filed by Branda Cruz Díaz"; (12) "Order" según emitida el 24 de abril de 2019 por el Tribunal de Quiebra; (13) Escritura Núm. 35 de Segregación y Compraventa; (14) Declaración Jurada firmada por Manuel R. Prats Vega junto con el historial de pagos, estados bancarios y cheques cobrados; (15) Declaración Jurada firmada por Manuel R. Prats Vega, junto con estado de cuenta de Kovack Securities correspondiente a la cuenta 7R3-148255; (16) Declaración Jurada firmada por Manuel R. Prats Vega junto con correo electrónico del 19 de diciembre de 2018 por Ángel Ocasio Figueroa; (17) Informe de Subsidiario emitido por la Secretaría del Tribunal de Justicia Sala de Bayamón en el caso BY2021CV01717; (18) "Amended Plan of Reorganization 11/02/2018"; (19) "Order Confirming Plan" según emitida por el Tribunal de Quiebras"; (20) Estudio de Título de la Finca 48818, Folio 67, Tomo 1477 de Guaynabo".

pendientes entre las partes, incluyendo las que relativas a la pensión alimentaria y la división de comunidad de bienes; que al momento de la estipulación, el señor Prats Vega y la señora Cruz Díaz eran partes en dos casos que se ventilaban en el foro estatal sobre comunidad de bienes y alimentos, respectivamente, los cuales se consolidaron; que la estipulación formó parte del Plan de Reorganización del señor Prats Vega, el cual fue confirmado por el Tribunal de Quiebras el 6 de abril de 2011; que el 12 de octubre de 2011, el Tribunal de Quiebras emitió un Decreto Final; que ninguna de las órdenes dictadas por el Tribunal de Quiebras fue apelada; que el señor Prats Vega radicó otra petición de reorganización financiera ante el Tribunal de Quiebras; que el segundo caso de quiebras, la señora Cruz Díaz presentó la reclamación #7, en la cual reclamó el pago de $995,600.00; que en la referida reclamación #7, la señora Cruz Díaz incluyó ciertas cantidades en concepto de pensión alimentaria, así como otras relacionadas al acuerdo de la división de la comunidad de bienes contenidas en la estipulación acordada por ambos; que el 20 de febrero de 2019, el señor Prats Vega objetó la reclamación del pago; y que el 24 de abril de 2019, el Tribunal de Quiebras emitió una Orden en la cual confirmó el Plan de Reorganización del señor Prats Vega, no obstante, dejó pendiente la adjudicación final de la objeción a la reclamación #7, sujeto a la adjudicación final del Tribunal Estatal sobre las cuantías reclamadas.

Además, el señor Prats Vega señaló que radicó el caso de epígrafe y solicitó del TPI que, luego de examinar los documentos estipulados entre las partes, las sumas consignadas en el tribunal y la prueba admisible presentada por ambas partes en sus respectivas mociones, dictara sentencia declarando que, conforme a la estipulación en el caso de Quiebras, este le adeuda a la señora Cruz Díaz las siguientes partidas:

> a. $86,021.86 – balance adecuado en concepto de los $500,000.00 pagaderos en consideración a la renuncia de la señora Cruz Díaz a su participación en la corporación MP Radiology.

b. $12,185.16 – monto acumulado en el Plan Keogh, MRPV Retirement Plan el cual acumulaba una cantidad de $250,370.33, de los cuales el 50% le pertenece, pagándole así el 10% de dicha cantidad.

Así las cosas, el 11 de mayo de 2023, la señora Cruz Díaz presentó su *Oposición a Solicitud de Sentencia Sumaria (Doc. #129)*.[4] En su comparecencia, arguyó que la Estipulación hacía referencia única y exclusivamente al Caso Núm. DAL2007-2182 del TPI, sobre alimentos, el cual fue consolidado con el caso de custodia DCU2016-0118. Finalmente, expuso que lo único que la Estipulación contemplaba era que las partes concluyeran los asuntos que estaban pendientes a la fecha de la radicación de la Estipulación, pero no a comenzar un nuevo pleito en el foro estatal.

A raíz de lo anterior, el 29 de agosto de 2023, el TPI emitió una *Sentencia* en la cual declaró Ha Lugar la *Moción Solicitando Sentencia Sumaria* presentada por el señor Prats Vega. Además, determinó que la cantidad de $124,904.00 consignada el 24 de junio de 2021, era la cantidad a la cual tenía derecho la señora Cruz Díaz en concepto del 50% del balance neto del plan Keogh; que no había derecho a pago en concepto de la propiedad inmueble en Panamá, pues el desarrollador no realizó ninguna devolución[5]; y que el señor Prats Vega le adeudaba $86,021.86 a la señora Cruz Díaz en concepto de la compra de la vivienda, por la cesión de ésta de su participación en la compañía MP Radiology.

En su dictamen, el TPI formuló las siguientes determinaciones de hechos de las cuales no existe controversia, que, por la pertinencia de las mismas, se transcriben a continuación:

[...]

---

[4] No surge en el expediente que la apelante haya incluido anejos como parte de su *Oposición a Solicitud de Sentencia Sumaria*.

[5] Es importante destacar que el Tribunal de Primera Instancia confirió credibilidad a un correo electrónico presentado por el señor Prats Vega, en el cual un intermediario, el corredor de bienes raíces, fue quien certificó que el depósito inicial del contrato de compraventa del apartamento en Yacht Club Tower en Panamá no sería devuelto por el incumplimiento de los términos del contrato. Véase, apéndice del *Alegato de la Parte Apelada en Oposición a Recurso de Apelación*, pág. 127.

5. El 16 de octubre de 2009, Manuel R. Vega Prats, radicó una petición de reorganización financiera, bajo el caso número 09-08785 BKT11, conforme al Capítulo 11 del Código de Quiebra, 11 USC §101, *et. seq.*, ante el Tribunal de Quiebra para el Distrito Federal de Puerto Rico.

6. El 14 de enero de 2011 las partes, Manuel R. Prats Vega y Branda Cruz Díaz, a través de sus respectivas representaciones legales, presentaron ante el Tribunal de Quiebra un "*Joint Motion Submitting Stipulation,* a la entrada número 215 del récord electrónico del Tribunal de Quiebra en el caso núm. 09-08785 BKT. Las partes acompañaron el "*Joint Motion Submitting Stipulation*" con un "*Stipulation*" firmado por las partes, el 14 de enero de 2011, y una Sentencia, emitida el 29 de octubre de 2010, en el caso de alimentos número DAL2007-2182 (la Estipulación). Al párrafo 5 del "*Joint Motion Submitting Sitpulation*" las partes informan al Tribunal de Quiebra lo siguiente:

> 5. The parties have informed their attorneys that on November 9, 2010, they reached an agreement in the state case of Branda Cruz Díaz vs. Manuel Prats Vega, Case No.: DAL 2007-2182, which along with a Stipulation executed by the parties on January 14, 2011, settle all pending controversies between the parties. The parties hereby incorporate said agreements as an integral part of this joint motion and enclose as exhibits copy of the judgment and minutes of the case, as well as the Stipulation and corresponding exhibits.
>
> 6. This agreement resolver any and all controversies regarding the following matters:
> **a. Child support payments**
> **b. Housing expenses**
> **c. Community property**
> **d. Objection to Disclosure Statement**
> **e. Objection to Ms. Cruz' proof of claim.**

(Énfasis nuestro).

7. El 11 de febrero de 2011, el Tribunal de Quiebra emitió orden, aprobando la Estipulación entre las partes, según radicada el 14 de enero de 2011, a la entrada 2215 del récord electrónico del Tribunal de Quiebras.

8. Con fecha de 14 de enero de 2011, Prats Vega, con deudor de Capítulo 11, presentó el plan de reorganización financiera (*Amended Chapter 11 Plan*) en el caso 09-08785 BKT, para su aprobación, ante el Tribunal de Quiebras.

9. El "*Amended Chapter 11 Plan*" a sus páginas 7, 9 y 10, clasificó como "*Class 5*", la reclamación de la aquí demandada, Branda Cruz Díaz, e incorporó como parte del plan de reorganización financiera, la Estipulación presentada por las partes, el 14 de enero de 2011, y

aprobada por el Tribunal de Quiebra, el 11 de febrero de 2011. El "*Amended Chapter 11 Plan*" provee para el pago de la reclamación de Branda Cruz Díaz (Class 5), de la siguiente manera:

CLASS 5 OTHER INTEREST HOLDERS

This class includes any and all community interest of Ms. Branda Díaz Cruz as co-owner of some of debtor's assets as a consequence of their consensual relationship, less any and all community debt. The parties have reached an agreement in the state court case styled Branda Cruz Díaz vs. Manuel Prats Vega, case no. DAL2007-2182 and on November 29, 2010 judgement was entered accordingly. Thereafter, on January 14, 2011, the parties filed a Joint Motion Submitting Stipulation which incorporates the state court judgment and other agreements reached after November 29, 2010. The same is herein incorporated as Exhibit 1.

10. El "*Amended Chapter 11 Plan*" fue aprobado por el Tribunal de quiebra mediante orden de confirmación (*Order Confirming Plan*) emitida el 6 de abril de 2011 por el juez Brian K. Tester.
11. El 12 de octubre de 2011 el Tribunal de Quiebra emitió "*Final Decree and Certificate of Consumation*" en el caso número 09-08785 BKT, mediante el cual decretó que el deudor, Prats Vega, había sustancialmente cumplido con el plan de reorganización financiera, y ordenó el cierre del caudal de quiebra.
12. En la Estipulación, según aprobada por el Tribunal de Quiebra, las partes resolvieron todas las controversias existentes incluyendo las relativas a la liquidación de la comunidad de bienes de la siguiente manera:

### STIPULATION

*COME NOW, Manuel Prats Vega (Mr. Prats) and Ms. Branda Cruz (Ms. Cruz), who in their individual and personal capacity, willingly and voluntarily agree to the following terms and conditions in order to settle all pending controversies before the Bankruptcy Court, Case No. 09-08785.*

*1. ...*

*2. **Mr. Prats will transfer 50% of the net proceeds of the Keogh plan to Ms. Cruz upon approval of this Stipulation**. The balance of the Keogh plan must be confirmed by the bank ("trustee") prior to the payment to Ms. Cruz. (Énfasis suplido.)*

*3. ...*

*4. ...*

*........*

*7. In the event Mr. Prats receives any **reimbursement or proceeds arising from the cancellation of the option or purchase of contracts for any realty in Panamá, 50% thereof will be delivered to Ms. Cruz**. If Mr. Prats buys, sells or by any means transfers said*

*option for the real estate property located in Panamá, Mr. Prats will pay 50% of its proceeds to Ms. Cruz. Mr. Prats shall provide Ms. Cruz with any and all evidence of the transfer if any said option, as well as evidence of its actual status, which shall be provided no later than 30 days from the approval of this stipulation. (Énfasis suplido).*

*8. Mr. Prats has agreed to pay $500,000.00 to settle Ms. Cruz's claim for her 50% participation in MP Radiology.* ***Mr. Prats agrees to purchase a residential property in the name of Ms. Cruz with a purchase price of no less than $500,000.00, as set off for said participation****. Ms. Cruz will select the property of her liking within the $500,000.00 price range, and said purchase shall be fulfilled within one (1) year from the effective date of the Plan of Reorganization. Meanwhile, should Ms. Cruz leave the residential property located at Urb. Palmas Reales, Calle Viajera #82,* ***Mr. Prats will pay Ms. Cruz a monthly stipend of $3,000.00, to be used by her for rent payment, until the purchase agreement of the $500,000.00 residence is executed****. Mr. Prats shall be fully responsible for the payment of the $500,000.00 for the property and will guaranty said amount personally, or with any property of Mr. Prats, until setoff of any mortgage or loan to that effect. Failure to purchase this property or to fully satisfy any balance owed to the loan or banking institution will result in a breach of this agreement and generate a claim in favor of Ms. Cruz for the $500,000.00 amount. (Énfasis suplido).*

*9. ...*

*10. The parties hereby incorporate by reference to this Stipulation the terms and agreements of the settlement and judgment issued in the state case of Branda Cruz Díaz vs. Manuel Prats Vega, case no.: D AL 2007-2182, which,* ***along with this Stipulation, settle all pending controversies between the parties****.*

*11. Mr. Prats will incorporate the terms of this Stipulation to the proposed Plan of Reorganization.*

*12. Failure to fully comply with the terms of this Stipulation will result in a breach of contract and will generate a claim in favor of Ms. Cruz for strict compliance and fulfillment of the same.*

*13. ...*

*........*

*18. This Stipulation, along with the Judgment entered by the state court which is herein incorporated, constitute the entire agreement between both parties concerning this transaction, and replace all previous communications, representations, understandings, and agreements, whether verbal or written between the parties to this Stipulation or their representatives. No representations or statements of any kind made by either party that are not expressly stated in this Stipulation and the state court Judgment, shall be binding on such parties.*

*In witness whereof, each party to this Stipulation has caused it to be executed as of this date, January 14, 2011.*

*s/ Manuel Prats Vega*         *s/ Branda Cruz*
*Manuel Prats Vega*             *Branda Cruz*

(Énfasis nuestro).

13. La Estipulación, también incorpora y es consistente con los acuerdos de las partes, recogidos en la Sentencia, dictada el 29 de noviembre de 2010, por el Tribunal Estatal, en el caso núm. D AL2007-2182, la cual en lo relativo a la división de comunidad de bienes indica:

> SENTENCIA
> En la vista celebrada el 16 de noviembre de 2010, ante la Examinadora del Tribunal, Lcda. Lissette Domenech Sánchez, las partes informaron, bajo juramento, haber llegado a los siguientes acuerdos en cuanto a la pensión alimentaria y otros asuntos:
> a. …
>
> b. …
>
> ........
>
> f. El señor Prats aportará la suma de $3,000.00 mensuales para el gasto de vivienda; siempre y cuando la señora Cruz se vea obligada a abandonar la propiedad, por el proceso de ejecución de la vivienda actual. El señor Prats comprará una propiedad a nombre de la señora Cruz, hasta un máximo de $500,000.00 para beneficio de los menores y de ella. Una vez esto ocurra, quedaría anulado el pago de $3,000.00 mensuales por concepto de vivienda.
>
> g. …
>
> h. La señora Cruz solicitará que se deje sin efecto su objeción al proceso de Quiebra presentado por el señor Prats, para poder cumplir con el presente acuerdo. Además, la señora Cruz renunció a su participación en cualquier corporación a la cual tenga algún derecho. Esta renuncia se hará considerando que el señor Prats comprará la vivienda de hasta $500,000.00, la señora Cruz recibirá el 50 % del plan KEOGH y recibirá lo adeudado en pensión alimentaria a través del proceso de Quiebra. Además, el señor Prats solicitará una enmienda a la Forma 480-B del año 2007.

14. El 24 de enero de 2018, Manuel R. Prats Vega, radicó una segunda petición de reorganización financiera, bajo el caso número 18-00295 BKT11, conforme al Capítulo 11 del Código de Quiebra, 11 USC §101, *et.*

*seq.,* ante el Tribunal de Quiebra para el Distrito Federal de Puerto Rico.

15. El 4 de junio de 2018, la demandada, Branda Cruz Díaz, presentó su reclamación de pago número 7 (*proof of claim #7*). El 1 de febrero de 2019, Cruz Díaz enmendó su reclamación de pago por tercer ocasión, y radicó el "*amended proof of claim #7-4*" por la suma total de $995,600.00.

16. Junto con su "*amended proof of claim #7-4*" radicado el 1 de febrero de 2019, Cruz Díaz presentó un "*Itemized Statement*", en el cual desglosó las partidas reclamadas, ante el Tribunal de Quiebra, en el caso de quiebra núm. 18-00295.

17. El "*Itemized Statement*" presentado por Cruz Díaz el 1 de febrero de 2019, junto a su "*amended proof of claim #7-4*", incluye partidas pagaderas por el deudor, Prats Vega, conforme a la Estipulación en el caso núm. 09-08785 BKT, por concepto de liquidación de comunidad de bienes. La reclamación 7-4 también incluye ciertas cantidades por concepto de pago de pensión alimentaria.

18. Entre las partidas reclamadas por Cruz Díaz, en su "*amended proof of claim #7-4*" (*Exhibit J*), se encuentran las siguientes:
    a. $150,000.00 por el 50% de las ganancias netas del plan Keogh, conforme a la estipulación entre las partes aprobada por el Tribunal de Quiebra en el caso 09-08785;
    b. $150,000.00 por el 50% del reembolso del contrato de opción de propiedad en Panamá, conforme a la estipulación entre las partes aprobada por el Tribunal de Quiebra en el caso 09-08785;
    c. $500,000.00 por no haber comprado una propiedad valorada en esa suma, en pago de la participación de Branda Cruz Díaz en MP Radiology, conforme a la estipulación entre las partes aprobada por el Tribunal de Quiebra en el caso 09-08785;
    d. $33,000.00 por presuntamente haber incumplido con el pago de $3,000.00 del estipendio mensual para vivienda, pagadero hasta la compra de la propiedad por la suma de $500,000.00, correspondiente a los meses de agosto 2015 hasta junio de 2016, conforme a la estipulación entre las partes aprobada por el Tribunal de Quiebra en el caso 09-08785;
    e. $41,800.00 por haber incumplido el pago de $10,000.00 anuales para viajes de los menores y la señora Cruz (partida correspondiente a pensión alimentaria);
    f. $113,300.00 por haber incumplido el pago de pensión alimentaria de $16,000.00 mensuales (partida correspondiente a pensión alimentaria); y
    g. $7,500.00 por incumplir un pago de pensión alimenticia de $3,000.00 mensuales (partida correspondiente a pensión alimentaria).

19. El 20 de febrero de 2019, el deudor y aquí demandante, Prats Vega, objetó la reclamación de pago enmendada número 7-4, radicada por Branda Cruz Díaz, en el caso de quiebra núm. 18- 00295 BKT.

20. El 24 de abril de 2019, el Tribunal de Quiebra emitió una orden, en el caso de quiebra núm. 18-00295 BKT, indicando que la adjudicación de las cantidades solicitadas en la reclamación 7 por Branda Cruz Díaz serían consideradas por el Tribunal de Quiebra, luego de que el Tribunal Estatal adjudique las cuantías correctas adeudadas por Prats Vega a Cruz Díaz.

21. Conforme a la Estipulación entre las partes, el demandado, Manuel R. Prats Vega, pagaría un estipendio mensual de $3,000.00 a favor de Branda Cruz Díaz, hasta el momento en que Manuel R. Prats Vega comprara una propiedad, por la suma de $500,000.00, a favor de Branda Cruz Díaz. Si Prats Vega no adquiría la propiedad, la Sra. Cruz Díaz tendría una reclamación a su favor, por la suma de $500,000.00.

22. El 29 de julio de 2011, la demandada, Branda Cruz Díaz, también conocida por Branda María Cruz Díaz, adquirió una propiedad inmueble, en la Urbanización Finca Elena, por la suma de $716,066.00, mediante la escritura de "Segregación y Compraventa" número 35, otorgada el 29 de julio de 2011, ante la notaria pública Estela I. Vallés Acosta.

23. Desde el mes de octubre de 2011 hasta abril de 2023 el demandado, Prats Vega, ha pagado a la demandada, Cruz Díaz, la suma de $413,978.14, en pagos regulares, hechos de las cuentas *"Debtor-In-Possession"*, a nombre de Manuel R. Prats Vega, en First Bank Puerto Rico, cuentas números 6002110818 y 6002119233, además, cheques de gerentes, y consignaciones realizadas ante este Tribunal, en el caso de epígrafe.

24. Al 31 de mayo de 2021, la cuenta del plan de retiro "Keogh", bajo el nombre *MRPV Retirement Plan*, a beneficio de Manuel R. Prats Vega, cuenta número 7R3-148255, en *Kovack Securities*, tenía un balance de $250,370.33, de los cuales se retiró la suma de $124,904.00, para hacer la consignación del 24 de junio de 2021 ante este Tribunal.

25. El 19 de diciembre de 2018, el demandante Manuel R. Prats Vega, recibió en su correo electrónico manuel.prats@gmail.com, una comunicación escrita del corredor de bienes raíces, Ángel Ocasio-Figueroa, del correo electrónico angel@urbaniapr.com, en la cual fue personalmente notificado que el depósito para la compra del apartamento, en el *"Yacht Club Tower"*, en Panamá, no fue devuelto. El correo electrónico recibido por Prats Vega indica lo siguiente:

    Estimado Sr. Prats:
    Sirva la presente para dar [fe] y certificarle que su depósito inicial como parte de su contrato de [compraventa] para el apartamento de Yacht Club Tower en Panamá no fue devuelto por el Desarrollador ya que usted incumplió en los términos que decía el contrato y decidió no cerrar la [compraventa] del mismo. [...]

26. El 10 de enero de 2023, la Unidad de Cuentas de este tribunal emitió un Informe Subsidiario, en el cual certificó que, del 24 de junio de 2021 al 4 de enero de

2023, el demandado, Manuel R. Prats Vega, había depositado en el Tribunal la suma de $184,904.00.

Inconforme, el 14 de septiembre de 2023, la señora Cruz Díaz presentó oportunamente una *Moción de Reconsideración.* Solicitó al TPI que dejara sin efecto la sentencia emitida y le concediera su día en corte para tener la oportunidad de presentar evidencia a su favor y se dilucidaran las controversias existentes. En desacuerdo, el señor Prats Vega presentó su *Moción de Oposición a Moción de Reconsideración.* Así las cosas, el 5 de octubre de 2023, el TPI emitió una *Resolución,* mediante la cual declaró No Ha Lugar la *Moción de Reconsideración* presentada por la señora Cruz Díaz.

Insatisfecha aún con la determinación del TPI, la señora Cruz Díaz acude ante este Tribunal de Apelaciones mediante el recurso de epígrafe e imputó al foro primario los siguientes errores:

> Primer Señalamiento de Error: Erró el TPI al dictar la Sentencia Sumaria a favor de la Parte Demandante cuando surge claramente de la evidencia sometida por ambas partes que los hechos del presente caso, así como el derecho aplicable, favorecen a la Parte Demandada y no a la Parte Demandante.

> Segundo Señalamiento de Error: En la alternativa, erró el TPI al resolver el caso de epígrafe mediante el mecanismo de Sentencia Sumaria cuando, en el peor de los casos, el TPI debió de resolver todas las dudas sobre la procedencia de aplicar dicho mecanismo de la sentencia sumaria a favor de la Parte Demandada y debió denegar la moción de sentencia sumaria presentada por la Parte Demandante, debido a que, interpretando el récord de la manera más favorable a la Parte Demandada, existían y existen en este caso controversias sustanciales sobre hechos pertinentes y materiales, los cuales derrotaban y derrotan la aplicación del mecanismo de sentencia sumaria en este caso.

El 13 de diciembre de 2023, el señor Prats Vega presentó su *Alegato de la Parte Apelada en Oposición a Recurso de Apelación.*

Con el beneficio de la comparecencia de ambas partes, resolvemos.

## II.

### A.

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V,

R. 36. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118, resuelto el 29 de septiembre de 2023.[6] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. *González Meléndez v. Municipio Autónomo de San Juan y otros*, 2023 TSPR 95, resuelto el 24 de julio de 2023.

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, supra, págs. 213-214, seguido en *Meléndez González v. M. Cuebas*, supra, pág. 110.

Nuestro ordenamiento civil y su jurisprudencia interpretativa dispone que se deben cumplir unos requisitos de forma los cuales deben satisfacerse al momento de presentar una solicitud de sentencia

---

[6] Véase, además: *Oriental Bank v. Caballero García*, 2023 TSPR 103, resuelto el 23 de agosto de 2023; *Ferrer et. al. v. PRTC*, 209 DPR 574, 580-581 (2022); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

sumaria. Estos requisitos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria, (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del Tribunal; (5) las razones por las cuales se debe dictar sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". La Regla 36.5 de Procedimiento Civil, dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento, deberá dictarse sentencia sumaria en su contra. 32 LPRA Ap. V, R. 36.5; *Ramos Pérez v. Univisión*, supra, págs. 215-216.

La Regla 36.4 de Procedimiento Civil, establece que, si no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la moción de sentencia sumaria, y por tanto, es necesario celebrar juicio, será obligatorio que el Tribunal en su dictamen determine los hechos esenciales sobre los cuales no haya

controversia sustancial y aquellos que sí se encuentran genuinamente en controversia. 32 LPRA Ap. V, R.36.4

Cónsono con lo anterior, nuestro estado de derecho le impone y exige al TPI, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994).

Por último, en *Meléndez González v. M. Cuebas,* supra, el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La tarea de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Finalmente, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Meléndez González v. M. Cuebas*, supra, pág. 119.

**B.**

La Regla 59 de Procedimiento Civil, 32 LPRA Ap. V, establece la autoridad de los tribunales para declarar derechos, estados y otras relaciones jurídicas, aunque se inste o pueda instarse otro remedio. El mecanismo para llevar a cabo dicha facultad se conoce como la sentencia declaratoria. El propósito de una sentencia declaratoria es despejar una incertidumbre o poner fin a una controversia, pues se trata de un mecanismo procesal adecuado para anticipar potenciales demandas. *Charana v. Pueblo,* 109 DPR 641 (1980). Según ha sido interpretada la precitada regla, la sentencia declaratoria establece un mecanismo profiláctico que permite anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales, siempre y cuando exista un peligro potencial contra el promovente. *Romero Barceló v. ELA,* 169 DPR 460 (2006).

También cabe indicar que la Regla 59.3 de Procedimiento Civil dispone que el tribunal podrá negarse a dar o registrar una sentencia o decreto declaratorio cuando tal sentencia o decreto, no haya de poner fin a la incertidumbre o controversia que originó el procedimiento. De esta manera, se establece que los tribunales tendrán amplia discreción con relación a las peticiones de sentencias declaratorias. 32 LPRA Ap. V, R. 59.3.

**III.**

Mediante sus señalamientos de error, la señora Cruz Díaz alega que el TPI erró al dictar la *Sentencia* apelada, bajo el fundamento de que existen controversias sustanciales sobre hechos pertinentes y materiales entre las partes, por lo que procedía se celebrara el juicio en su fondo. En lo específico, arguye que no correspondía resolver el caso sumariamente, pues surge claramente una diferencia de interpretación real y sustancial en cuanto a la Estipulación, que derrota la pretensión de que se dicte sentencia sumaria a favor del señor Prats Vega.

Por su parte, el señor Prats Vega aduce que, al presentar el recurso de epígrafe, la señora Cruz Díaz busca tergiversar las

disposiciones de la Estipulación aprobada por el Tribunal de Quiebras el 11 de febrero de 2011, mediante la cual, según sus alegaciones, se habían resuelto todas las controversias existentes en ese momento referentes a la pensión alimentaria, gastos de vivienda y comunidad de bienes, sobre las cuales el TPI en el caso de epígrafe, tenía jurisdicción para atender. A su vez, alega que en su recurso de apelación, la señora Cruz Díaz no señaló las determinaciones de hechos o conclusiones de derecho incorrectamente decididas por el TPI, sino que se limitó a señalar que la Estipulación entre las partes solo atendió los asuntos pendientes en el caso estatal D AL 2007-2182. Finalmente, arguye que debido a que la señora Cruz Díaz no apeló la *Resolución y Orden* emitida por el TPI el 31 de mayo de 2022, esta advino final y firme y constituye la ley del caso. Añade que no podía volver a presentar asuntos relativos al caso de pensión alimentaria ante el Tribunal de Familia.

En primera instancia, es preciso apuntar que debemos determinar si las partes, a tenor con la normativa referente a la revisión de la solicitud de sentencia sumaria, cumplieron con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009, *supra*. Hemos evaluado los respectivos escritos de las partes y encontramos que la *Oposición a Solicitud de Sentencia Sumaria (DOC. #129)* presentada por la señora Cruz Díaz no cumple con los referidos requisitos. En específico, no controvirtió los hechos que el señor Prats Vega estableció como que no estaban en controversia en su *Moción Solicitando Sentencia Sumaria*. El escrito no contiene una relación concisa, organizada y en párrafos enumerados de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, ni una enumeración de los hechos que no están en controversia. Mas bien, se limitó a sustentar su escrito solo en sus alegaciones, sin presentar declaraciones juradas o prueba admisible en evidencia donde se rebatieran los hechos que alegadamente no estaban en controversia.

En este caso, la señora Cruz Díaz no logró rebatir con especificación, detalle y evidencia que existía controversia sobre los

hechos materiales contenidos en la solicitud de sentencia sumaria presentada por el señor Prats Vega. La totalidad de la prueba en el expediente apoya la disposición sumaria de la *Demanda* de epígrafe, pues respalda la inexistencia de controversia sobre los hechos materiales del caso y sustenta las conclusiones jurídicas del TPI. En particular, no existe duda acerca de que el propósito de la Estipulación fue finalizar todas y cada una de las controversias entre las partes, en cuanto a la pensión alimentaria y la división de la comunidad de bienes. Los términos de la misma son claros y no están sujeto a otra interpretación que la emitida y aprobada por el Tribunal de Quiebra, constituyendo así el acuerdo entre las partes.

En consecuencia, de todo lo anteriormente expresado, luego de examinar las mociones sobre sentencia sumaria y la documentación anejada, así como la normativa imperante, concluimos que no incidió ni abusó de su discreción el TPI al conceder el remedio sumario de la desestimación solicitado por el señor Prats Vega, por lo que procede la confirmación de su dictamen.

**IV.**

En virtud de lo anteriormente expresado, confirmamos la *Sentencia* apelada.

Lo acordó este Tribunal y lo certifica la Secretaría del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones